IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TEDDY SEXTON                                                                                  PLAINTIFF

v.                                Civil No. 12-2314

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                                                DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Plaintiff, Teddy Sexton, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

### I.   Procedural Background:

Plaintiff filed his SSI application on November 15, 2010, alleging an onset date of March 20, 2010, due to the residuals of a left talus and left distal radius fracture. Tr. 93-99, 127-128, 139. The Commissioner denied Plaintiff's applications initially and on reconsideration. Tr. 39-41, 47-48. An administrative hearing was held on July 21, 2011. Tr. 20-36. Plaintiff was present and represented by counsel.

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

AO72A
(Rev. 8/82)

At the time of the hearing, Plaintiff was 39 years old, possessed a high school education, two years of college credit, and had past relevant work experience as a farm hand, stock clerk, and forklift operator. Tr. 23, 118-125, 140, 146-154.

On September 12, 2011, the ALJ found Plaintiff's residuals of a fracture of the left talus and fracture of the left distal radius to be severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 12. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that he retained the residual functional capacity ("RFC") to

> perform sedentary work as defined in 20 CFR 416.967(a). He can occasionally climb, balance, crawl, kneel, stoop, and crawl. He requires the use of a cane for assistance in ambulation.

Tr. 12. With the assistance of a vocational expert, the ALJ concluded Plaintiff could perform work as an assembler and clerical worker. Tr. 15.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on October 17, 2012. Tr. 1-4. Subsequently, Plaintiff filed this action. ECF No. 1. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 8, 9.

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that has lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal

an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.   Discussion:

Of particular concern of the undersigned in the ALJ's RFC determination. The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Adequate medical evidence must therefore exist that addresses the claimant's ability to function in the workplace. *See Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). The Court has held, however, that the ALJ is not at liberty to make medical judgments regarding the ability or disability of a claimant to engage in gainful activity where such inference is not warranted by clinical findings. *McGhee v. Harris*, 683 F. 2d 256 (8th Cir. 1982).

Sedentary work involves only lifting no more than ten pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. 20 C.F.R. § 404.1567(a) (1993). However, sedentary work also requires the ability to stoop on an occasional basis, as well as good use of the hands and fingers. SSR 96-9P, 1996 WL 374185, *8.

In the present case, the evidence reveals that Plaintiff fell from a roof in March 2010, suffering both a fractured left ankle and a fractured left wrist. Both conditions required surgical correction, with the fractured ankle resulting in approximately six such operations. Significant

infection in the ankle made recovery even more difficult and resulted in a chronic decrease in ankle function. Tr. 458. Plaintiff requires both the use of a cane for assistance with ambulation and the use of a brace. Tr. 28, 425-431. And, his most recent treatment record, dated April 2011, reveals that his ankle continued to be suspicious for infection. Tr. 425-431. X-rays also showed a deformed talus with loss of surrounding joint spaces. Tr. 399-402. In spite of this, the ALJ relied on the RFC of a non-examining doctor to conclude that Plaintiff could perform sedentary work involving occasional stooping. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (holding that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence). He did not seek out an RFC assessment for either of Plaintiff's treating orthopedists. Given the nature of Plaintiff's ankle injury, and the fact that he continues to require the use of both a cane and a brace, we do not find substantial evidence to support the ALJ's conclusion that Plaintiff could occasionally stoop. In fact, we also question Plaintiff's ability to climb, crouch, crawl, bend, and balance. Accordingly, we find that remand is necessary to allow the ALJ to obtain RFC assessments from Plaintiff's treating doctors to determine the true impact Plaintiff's ankle impairment would have on his ability to perform work-related activities.

The evidence also indicates that Plaintiff lacks full range of motion in his left hand. Medical records reveal continued stiffness and motion limitations in several of his fingers. Because sedentary work requires the ability to use both hands for fine manipulation and fingering, on remand, the ALJ is also ordered to have Plaintiff's treating doctors opine as to any specific limitations Plaintiff's hand impairment would impose. Those specific limitations should then be included in a hypothetical question posed to the vocational expert.

**IV.      Conclusion:**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).  **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 28th day of January 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE